IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAURICE A. BACKUS,                          :
                                            :
                Petitioner,                 :
                                            :
    v.                                      :   Civ. Act. No. 06-331-SLR
                                            :
THOMAS CARROLL,                             :
Warden, and CARL C. DANBERG,                :
Attorney General for the State             :
of Delaware,                                :
                                            :
                Respondents.                :

PETITIONER'S RESPONSE TO DEFENDANT'S ANSWER



                                    MAURICE A. BACKUS
                                    Delaware Correctional Center
                                    1181 Paddock Road
                                    Smyrna, DE  19977

Dated:  June 14, 2007

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . .

NATURE AND STATE OF THE PROCEEDINGS  . . . . . . . . .

SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . .

    ARGUMENT . . . .   . . . . . . . . . . . . . . . .

      I.    UNCONSTITUTIONAL SEARCH & SEARCH/COUNSEL
          INEFFECTIVE IN FAILING TO CHALLENGE ALLEGED
          WARRANT FROM PROPER PROSPECTIVE . . . . .

      II.   INEFFECTIVE ASSUSTANCE OF COUNSEL . . . .

CONCLUSION   . . . . . . . . . . . . . . . . . . . . .

x

## TABLE OF CITATIONS

|  | Page |
|---|---|
|  | xx |
| Horne v. State, 887 A.2d 973 (Del. 2005) | 2 |
| Smith v. Digmon, 434 U. S. 332 (1978) | 2 |
| Swanger v. Zimmerman, 750 F.2d 291 (3d Cir. 1984) | 2 |
| Kimmelman V. Morrison, 106 S.Ct. 2574 | 2,3 |
| Stone v. Powell, 428 U.S. 465 | 2,3 |
| Strickland v. Washington, 466 U.S. 668 (1984) | 3 |
| Sistrunk v. Vaughn, 96 F.3d 666 (3d Cir. 1996 | 4 |

## NATURE AND STAGE OF THE PROCEEDINGS

On January 19, 2005, Backus moved pro se for postconviction relief under Superior court Criminal Rule 61, stating trial attorney was ineffective.  The Superior court summarily denied the motion and petitioner appealed.  On appeal the Delaware Supreme Court remanded the case to Superior Court for futher proceeding in light of the Court's earlies decision in Horne v. State, 887 A.2d 973 (Del. 2005), finding that the preferable practice in cases involving a first postconviction motion alleging ineffective assistance of counsel for the Superior Court to obtain an affidavit from trial counsel.  After receiving affidavit from defense counsel and response from both prosecutor and petitioner, the Superior Court again denied the motion on February 10, 2006. On appela, the Delaware Supreme Court affirmed the Supeior Court's decision.  The petitioner then filed federal writ of habeas corpus petition on May 15, 2006.  This is petitioner's response to defendant's answer.

1

SUMMARY OF THE ARGUMENT

The petitioner has presented these issues presented these claims for relief to the Delaware Supreme Court on direct appeal and appeal from the denial of postconviction claims.  See Smith v. Digmon, 434 U.S. 332, (1978); Swanger v. Zimmerman, 750 F.2d 291 (3d Cir. 1984).  Petitioner's claims, do provide basis for relief.

ARGUMENT

I.  UNCONSTITUTIONAL SEARCH & SEARCH/COUNSEL INEFFECTIVE IN FAILING TO CHALLENGE ALLEGED WARRANT FROM PROPER PROSPECTIVE.

Petitioner's first counsel (John Malik) failed to object to late disclosure of unexecuted search warrant, which totally unrelated to current case.  Entire issue revolved around the information in previous warrant.  The basis of the state's objection is that petitioner had full and fair forum in which to present Fourth Amendment claim.  The issue which was overlooked, petitioner stating search warrant which over eighteen (18) months old, involving another case.  Utilized to justify reasonable and articulable supision to believe engaging in criminal activity and possibly armed in this matter.

The language in Kimmelman v. Morrison 106 S. Ct. 2574 held the restriction on federal habeas review of Fourth Amendment claims announced in Stone v. Powell 428 U.S. 465 does not extend to Sixth Amendment ineffective-assistance-of-counsel claims which are mainly founded on incompetent representation with respect toa Fourth amendment issue.  Federal courts may grant hebeas relief in cases of underlying attorney errors.  The errors by first counsel (Malik) concerning previous search warrant, presented in both courts below and ignored.  Mr. Malik also failed to address issue of informant utilized to secure first search warrant, never addressed issue of informant's reliablity.

2

The petitioner contents that the stop was illegal and
the fruits of illegal arrest should been suppressed.  Contary
to respondents claim, petitioner was not provided an opport-
unity for full and fail litigation of a Fourth Amendement claim
based on ineffective assistance counsel issue relating to old
search warrant never addressed.  The language of Stone v. Powell,
does not apply to case at the bar.  It was also held in
Kimmelman the court rejected the suggestion that criminal defendant
should not be allowed to vindicate through federal habeas corpus
review their right to effective assistance of counsel where
counsel's primary errors is failue to make a timely request for
the exclusion of illegally seizwd evidence-evidence which is
"typically reliable and often most probative information beaing
on the guilt or innocence of the defendant.  The information which
police use to justify the current search, were result of previous
counsel's ineffectiveness.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL.

In petitioner's second claim for relief, state that counsel
was ineffective in failing to object to the late discovery of
evidence by the State, failing to research issues germane to the
search and request continuance of the suppression hearing.  The
continuance of the suppression hearing should be requested as
result of the late revelatin by the prosecutors that police had
obtained a search warrnt of the petitioner's residence some two
months before his arrest.  Counsel was competely suprised and not
prepared to address this issue.  In Strickland v. Washington, 466
U.S. 668 (1984) ("The benchmark fpr judging any claims of inef-
fectiveness must be whether counsel's conduct so undermined the
proper functioning of the adversarial process that a trial cannot
be relied on as having produced a just result.  The petitioner has
showned the counsel's was deficient.  Counsel made errors so
serious that counsel was not functing as  'counsel' guaranteed the
petitioner by the Sixth Amendment.
The deficient performance prejudiced the petitioner, which

resulted in petitioner not having fair and unbias trial.  The
petitioner has clearlyidentified the acts and omissions of
counsel which were not resuls of professional judgment.  The
Third Circuit has stated that prejudice occurs, where "there
is a reasonable probability that, but for counsel's deficient
performance, the result of the proceeding would have been
different." Sistrunk v. Vaughn, 96 F3d 666 (3d Cir. 1996).  The
prosecutor knew of the existence of the April search warrant
prior eve of suppression hearing.  On the eve of suppression
hearing prosecutor faxed copy of defense counsel  On morning
of search warrnat hearing, counsel stated, hadn't had time to
research this issue, but willing to wing-it, over petitioner's
objection to securing continuance.  Inspite of constantly re-
questing, petitioner never provided copy of sentencing transcript
which contained information germane to this petition.

CONCLUSION

     For the foregoing reasons, the petition for a writ of habeas
corpus should be granted, with whatever further proceeding the
court deem proper.

MAURICE A. BACKUS
1181 Paddock Road - DCC
Smyrna , DE  19977

Date:   June 17, 2007

CERTIFICE OF SERVICE

     I HEREBY CERTIFY COPY of the aforemention provided Elizabeth
R. McFarlan, Deputy Attorney General, Department of Justice, Carvel
State Office Building, 820 N. French Street, Wilm, DE  19801. This
17th day of June 2007, with sufficinet postage affixed thereto.

MAURICE A. BACKUS

4



Clerk of the Court Court
United States District Federal Building
J. Caleb Boggs Street

844 N. King Street

Wilmington, DE    19801