IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

MAURICE A. BACKUS
    PETITIONER

V.                                          Civ.Act.No.06-331-SLR

THOMAS L. CARROLL, Warden,
Delaware Correctional Center,
    RESPONDENT.

### AFFIDAVIT

I Maurice A. Backus being duly sworn, deposes and says;
In support of Petition for Writ of Habeas Corpus:

1) That i am the defendant and was tried before the Honorable Judge Peggy L. Ableman in the Superior Court of the State of Delaware for New Castle County in June of 2001. I was arrested and charged for trafficking cocaine, possession with intent to deliver, use of a vehicle for keeping a controlled substance, second degree assault and resisting arrest. I was represented by Mr. John S. Malik throughout the proceeding and was convicted. Then Direct Appeal in the Delaware Supreme Court was affirmed. I subsequently sought relief pursuant to Delaware Superior Court Crim.Rule 61 onthegrounds of ineffective assistance of counsel at trial.

2) I raised two issues that now form the basis of the here application for Federal Habeas Corpus Relief: (a) That trial counsel rendered ineffective assistance of counsel in failing to object to the late discovery of evidence by the State or to seek a continuance to proparly prepare for the new evidence and (b) Failing to adequatly question the arresting officer as to his personal knowledge of defendants activities as set forth in the reasonable suspicion to perform a terry frisk of defendant.



3) The ineffective assistance of counsel issues both revolve around a faxed Memorandum fromthe Deputy Attorney General Mrs. Natalie Woloshin to Mr.John S. Malik on November 7th,2002.at 17:24 hours. The relevanceof this Memorandum is significant and it proved that the arresting officer had "no prior knowledge of information that was used to form its reasonable suspicion at the time of my arrest".The information beimg used by the State during the Suppression Hearing was"fabricated" and only employed beacuse no reasonable suspicion existed previous to the States decision to based its suspicion on related information connected to a unexected search warrant.The State now claims that a search warrant involving a Delaware City Police Department; was not executed beacuse the defendant was not home,However if Mr.Malik would have prepared to question the defendant before the susppression hearing by way of a continuance,he would have leared that the search warrant that was never executed was because the alleged information obtained from a confidential informant was unreliable and that no control buy ever occured asrelated by the informant which could have been proven by dates,the dates alleged buy was to have occurred at defendants residence one week after the defendant moved into the resident without these alleged incidents and the use of the Delaware City search warrant,the out come of the suppression hearing would have been different.

4) Defendant further asserts that he told Mr.Malik these facts including the fact that he denied any control buy as related by the warrant because of the dates made it impossible to have occured as set forth in the warrant,thus,no information formed reasonable suspicion that the defendant had possession of any gun would have been plausible to support the stop and frisk as ultimatly justified the procedures in the Superior Court. Mr.Malik was not truthful in his affidavit and evidentiary hearing.The Superior Court would have yielded this information had it not been denied by the Court.

5) Based on Mr.Malik's self serving affidavit and failing to object to late discovered evidence and question the arresting officer or as to any reasonable suspicion to perform a terry frisk,

6)Last,Petitioner asserts that i have never been convicted of any gun charges ,but was previously charged and those charges were ultimatly dismissed,Therefore,the only reference to petitioner being possibly armed was that in Delaware City search warrant. If Mr.Malik would have consulted with me and properly prepared for questioning of the police after a continuance it would have allowed it to be established on the record that the Delaware City search warrant was not ever executed because of the unreliability of the informant,and he would have known that the police had no basis to subject me to a terry frisk because of the lack of reasonable suspicion that i was armed and at the scean with nothing to do with the police activity at the time.

*signature: Maurice A. Backus*

Maurice A. Backus

SUBSCRIBED AND SWORN before me this 14 day of June ,2007.

*signature: Timothy J. Marts*

Notary

Commission expires: June 14, 2008

Maurice A Backus
S.B.I.#215298
D.C.C.
1181Paddock Rd.
Smyrna, DE.19977

11/07/2002 17:24 FAX 302 577 5864 ④001

TO: John Malik, Esquire

FROM: Natalie Woloshin, DAG 

DATE: November 7, 2002

Re: State v. Maurice Backus

In preparing for the suppression hearing tomorrow, I contacted Det. C. Jackson with NCCPD. We were discussing the issue about the information during the briefing with the other officers prior to the execution of the search warrant. One of the things that Det. Jackson told me about was that controlled buys were done with Maurice Backus as well as Floyd Backus. I told Det. Jackson that I had no knowledge about any controlled buys done with Maurice Backus and she said because it related to a different case involving the Delaware City Police Department. Det. Jackson told me that she had the reports from those incidents and actually had witnessed a sale to the CI by Maurice Backus. I was just faxed those reports from NCCPD and now am faxing them to you.

I will be in the office until about 5:30 tonight. You can contact me at 577-8832 until 5:30. If you need to reach me after 5:30, you can call my cell phone at 898-6254. Thanks.

> The following information was faxed to Mr. Malik one day before my suppression hearing and used against me at the hearing After being incarcerated for 18 months. This is the unexecuted search warrant that I was referring too. All this information About control buys And being Armed And Dangerous In this unexecuted search warrant was disclosed late and used to justify probable cause well After my Arrest (Look At Fax Date and time then Look At Arrest Date)
> The Arresting officer did not have Any knowledge of this At the time of my Arrest.

4



FROM MAURICE A. BACKUS
SBI# 215298   UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building

844 N. King Street

Wilmington, DE      19801