OFFICE OF THE CLERK

**MARCIA M. WALDRON**          **UNITED STATES COURT OF APPEALS**          TELEPHONE

CLERK                                          FOR THE THIRD CIRCUIT                          215-597-2995
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

September 26, 2007

Peter T. Dalleo, Clerk
United States District Court
J. Caleb Boggs Federal Building
Lockbox 18
844 King Street
Wilmington, DE 19801-3570

Re: Backus v. Carroll, et al
D. Del. No. 06-cv-331-SLR

Dear Mr. Dalleo:

Pursuant to Rule 4(d), <u>Federal Rules of Appellate Procedure</u>, and Rule 3.4, <u>Third Circuit Local Appellate Rules</u>, we are forwarding the attached notice of appeal from the District Court order entered August 31, 2007 which was filed with this office in error.  <u>See</u> Rule 3(a)(1), <u>Federal Rules of Appellate Procedure</u> and Rule 3.4, <u>Third Circuit Local Appellate Rules</u>.  **The notice was dated September 20, 2007 and should be docketed as of that date.**

This document is being forwarded solely to protect the litigant's right to appeal as required by the <u>Federal Rules of Appellate Procedure</u> and Rule 3.4, <u>Third Circuit Local Appellate Rules</u>.  Upon receipt of the document, kindly process it according to your Court's normal procedures.  If your office has already received the same document, please disregard the enclosed copy to prevent duplication.

Pursuant to Rule 3(a)(1), <u>Federal Rules of Appellate Procedure</u>, a notice of appeal must be filed with the Clerk of the District Court.  This Court may not act on an appeal until the notice has been docketed in the District Court and certified to this Court by the District Court Clerk.

A motion for leave to proceed <u>in forma pauperis</u> is also enclosed.

Thank you for your assistance in this matter.

Very truly yours,

Marcia M. Waldron, Clerk

By:  <u>/s/ Bradford A. Baldus</u>
Bradford A. Baldus
Senior Legal Advisor to the Clerk

Enclosure
cc:  Maurice A. Backus (w/out enclosure)

Maurice A. Backus SBI# 215298
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

R E C E I V E D

SEP 2 5 2007

U.S. C.A. 3rd

NOTICE OF APPEAL
TO
U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. District Court for the District of Delaware

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

DISTRICT COURT
DOCKET NUMBER: 06-331-SLR

Maurice A. Backus

v.

DISTRICT COURT
JUDGE:Susan L. Robinson

Thomas Carroll, Warden, et.al.

Notice is hereby given that Maurice A. Backus,

Appeals to the United States Court of Appeals for the Third Circuit from ☐ Judgment ☒ Order,

☐ Other (specify)

Entered in this action on August 29, 2007

Dated: 9-20-07

_____
(Counsel for Appellant-Signature)

Maurice A. Backus, Prose
(Name of Counsel – Typed)

DCC, 1181 Paddock Road
(Address)

Smyrna, De 19977
(City, State Zip)

n/a
(Telephone Number)

Elizabeth R. McFarlan, Esquire
Counsel for Appellee

820 N. French Street
(Address)

Wilmington, De 19801
(City, State Zip

302-577-8500
Telephone Number

NOTED: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be
listed on the Notice of Appeal

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

Maurice A. Backus, )
)
       Petitioner, )       D.C. Case No.06-331-SLR
)
       v. )       Third Cir. No.
)
Thomas Carroll, et. al., )
)
       Respondent. )

### Petition for Certificate of Appealability

To the Honorable Judges of the United States Court of Appeals for the Third Circuit:

The petition of Maurice A. Backus respectfully shows:

1.       That petitioner made application to the Honorable Susan L. Robinson, Judge of the United States District Court for the District of Delaware on *May 5, 2006,* for a writ of habeas corpus, a copy of which application is attached.

2.       The said Judge of said United States District Court denied petitioner's application for a writ of habeas corpus by an order dated August 29, 2007, a copy of which order is attached.

3.       Petitioner filed a notice of appeal from said order in said district court on September 19, 2007. A copy of said notice of appeal is attached.

4.       The detention complained of by your petitioner in his application for a writ of habeas corpus arose out of process issued by a state court, to wit: State v. backus, ID No. 0106010659, denial of suppression hearing on 10-8-02, and conviction after trial on 10-25-02.

5.       The above-named Judge of said United States District Court has refused to issue a Certificate of Appealability upon petitioner's motion for the reasons stated in his order dated August 29, 2007 denying petitioner's motion for a Certificate of Appealability. A copy of said order is attached.

6.       Under Rule 22(b) of the Federal Rules of Appellate Procedure, it is necessary for a Certificate of Appealability to be issued before the petitioner may appeal to this court from the denial of his application for a writ of habeas corpus.

7.     In addition to the reasons stated in petitioner's application for a writ of habeas corpus, a Certificate of Appealability should be issued for the following reasons:The facts relied upon by the lower courts are fabricated and unreliable.  Had petitioner been granted an evidentiary hearing he could have establsihed that counsel was ineffective in the Superior Court for failing to obtain a continuance so that he could consult with appellant.  had he done so he would have been able to prove that it was impoosible for relied upon control buys to occur as claimed by an alleged confidential informant, that the the alleged informant fabricated information about appellant and a gun, thus showing that no probable cause existed to support the warrantless search.

Wherefore, your petitioner respectfully requests that a Certificate of Appealability be issued.

Dated:9-20-07

_Maurice A. Backus_
Maurice A. Backus
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## Certificate of Service

I, Maurice A. Backus, hereby certify that I have served a true and correct copy of

the attached: Notice of Appeal to US Court of Appeals, Third Circuit, and a Petition for

Certificate of Appealability, upon the following party:

> Elizabeth R. McFarlan, Esquire
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, De 19801

By placing the same in a sealed envelop, and depositing same in the United States

mail at the Delaware Correctional Center, Smyrna, De 19977 on this __20__ day

of __September__ , 2007.

Maurice Backus
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAURICE A. BACKUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 06-331-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, and JOSEPH R. | ) |
| BIDEN, III, Attorney General | ) |
| of the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

## ORDER

At Wilmington this  ∂4ᵗʰ day of August, 2007, consistent with the

memorandum opinion issued this same date;

IT IS HEREBY ORDERED that:

1. Petitioner Maurice A. Backus' application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is

DENIED.  (D.I. 1)

2. The court declines to issue a certificate of appealability for failure to

satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

UNITED STATES DISTRICT JUDGE



RECEIVED
SEP 2 5 2007
Page
U.S. C.A. 3rd

AO 241
(Rev. 12/04)

## Petition for Relief From a Conviction or Sentence
### By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of

    money that the institution is holding for you. If your account exceeds $_____, you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for
    Address
    City, State Zip Code

9.  **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241
(Rev. 12/04)

Page 2

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): Maurice A. Backus | Docket or Case No.: |
|---|---|

| Place of Confinement : Delaware Correctional Center | Prisoner No.: 215298 |
|---|---|

| Petitioner (include the name under which you were convicted) Maurice A. Backus | v. | Respondent (authorized person having custody of petitioner) Thomas J. Carroll and Carl C. Danberg, |
|---|---|---|

| The Attorney General of the State of    Delaware |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of the State of Delaware, in and for New Castle County, 500 King Street, Wilmington, DE 19801

    (b) Criminal docket or case number (if you know):  0106010659

2.  (a) Date of the judgment of conviction (if you know): November 25, 2002

    (b) Date of sentencing:  January 24, 2003

3.  Length of sentence:  15 years

4.  In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Trafficking in Cocaine, Possession of Cocaine, Resisting Arrest.

6.  (a) What was your plea? (Check one)

    ☒ (1)    Not guilty         ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty             ☐ (4)    Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge. what did you plead guilty to and what did you plead not guilty to?    N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Supreme Court of the State of Delaware

(b) Docket or case number (if you know):    99, 2003

(c) Result: Affirmed

(d) Date of result (if you know): March 31, 2004

(e) Citation to the case (if you know):    845 A.2d 515 (Del. 2004)

(f) Grounds raised: Illegal search and seizure of defendant.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No    N/A

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Superior Court of the State of Delaware

(2) Docket or case number (if you know): 0106010659

(3) Date of filing (if you know): January 19, 2005

(4) Nature of the proceeding: Motion for Post-Conviction Relief

(5) Grounds raised: Ineffective assistance of counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Denied

(8) Date of result (if you know): Original denial January 31, 2005,
Denial on remand February 10, 2006.

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:  N/A

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐   Yes      ☐   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:  N/A

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 12/04)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:  ☐ Yes    ☐ No    N/A

(3) Third petition:   ☐ Yes    ☐ No    N/A

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:   N/A

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

Whether petitioner was subjected to an unconstitutional search and seizure without probable cause to believe he committed a crime

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner, on June 14, 2001, was stopped on a public street after exiting his vehicle, and ordered to place his hands back on the vehicle, while the police began to "frisk" him. The police had no reasonable and articulable suspicion to believe petitioner had committed a crime or was armed and the State court's ruling was an unreasonable application of clearly established United States Supreme Court precedent.

(b) If you did not exhaust your state remedies on Ground One, explain why:  N/A

AO 241
(Rev. 12/04)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    N / A

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   N / A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐   Yes     ☐   No

(4) Did you appeal from the denial of your motion or petition?               ☐   Yes     ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐   Yes     ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   N/A

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Whether the petitioner's trial counsel was "ineffective" under
Strickland v. Washington, 466 U.S. 668 (1984) in failing to
object to late dicovery of evidence by the State or seeking a
continuance of the Suppression hearing and in failing to ad-
equately question the police at said hearing.

(b) If you did not exhaust your state remedies on Ground Two, explain why:  N/A

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes    ☒  No

(2) If you did not raise this issue in your direct appeal, explain why:

Procedurally barred from raising claim of ineffective
assistance of counsel under Delaware law in direct appeal.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:

Superior Court of the State of Delaware, in and for New
Castle County, 500 King Street, Wilmington, DE  19801
Docket or case number (if you know):  0106010659

Date of the court's decision:   January 31, 2005, intial denial.
Febraury 10, 2006, denial on remand.

AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

See attached decisions.

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                          ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Supreme Court of the State of Delaware
P.O. Box 476, Dover, DE 19903

Docket or case number (if you know):    59, 2005

Date of the court's decision: April 27, 2006

Result (attach a copy of the court's opinion or order, if available):

See attached decision

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two    N/A

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐    Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☐  No

(4) Did you appeal from the denial of your motion or petition?    ☐  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒ Yes    ☐ No    .

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:    N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

        No.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.

AO 241
(Rev. 12/04)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    John S. Malik, Esquire
                               100 East 14th Street
                               Wilmington, DE  19801

(b) At arraignment and plea:   John S. Malik, Esquire
                               100 East 14th Street
                               Wilmington, DE  19801

(c) At trial:
                               John S. Malik, Esquire
                               100 East 14th Street
(d) At sentencing:             Wilmington, DE  19801

                               John S. Malik, Esquire
                               100 East 14th Street
(e) On appeal:                 Wilmington, DE  19801

                               Charles M. Oberly, III, Esquire
(f) In any post-conviction proceeding:   800 Delaware Ave., Suite 901, Wilmington, DE  19801

                               None

(g) On appeal from any ruling against you in a post-conviction proceeding:

                               None


17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging? .          ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:




(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?                 ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Vacate petitioner's convictions on all three counts and immediately
order his release from incarceration,

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    5/15/06    (month, date, year).

Executed (signed) on    05/15/06    (date).

_____
Signature of Petitioner
MAURICE A. BACKUS

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RECEIVED

SEP 2 5 2007

U.S. C.A. 3rd

| | |
|---|---|
| MAURICE A. BACKUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 06-331-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, and JOSEPH R. | ) |
| BIDEN, III, Attorney General | ) |
| of the State of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

Maurice A. Backus. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

## MEMORANDUM OPINION

Dated: August 29 , 2007
Wilmington, Delaware

_____

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**ROBINSON, District Judge**

## I. INTRODUCTION

Currently before the court is petitioner Maurice A. Backus' ("petitioner")

application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (D.I. 1)

Petitioner is incarcerated at the Delaware Correctional Center in Smyrna, Delaware.

For the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2001, New Castle County police obtained a warrant to search the home

of petitioner's brother, Floyd Backus, a suspected cocaine dealer.  Prior to executing

the search warrant, the police officers involved were briefed about the situation and told

that Floyd Backus and petitioner were under investigation for selling cocaine,

petitioner's involvement in the drug sales had been confirmed by three controlled

purchases, petitioner had been charged with weapons offenses in the past, and a

reliable informant had seen petitioner in possession of a gun as recently as two months

prior to the issuance of the warrant.  The officers were shown two pictures of petitioner

and his brother, and were told that petitioner drove a red Nissan Pathfinder.  Backus v.

State, 845 A.2d 515, 516 (Del. 2004).

During the execution of the search warrant, Corporal Terrance O'Connor was

positioned outside the home with his drug sniffing dog, Sinta.  After being informed that

the house was secure, O'Connor brought Sinta back to his police car, which was

parked several houses away from Floyd Backus' house.  As O'Connor was driving up to

Floyd's house, he saw a red Nissan Pathfinder pull up in front of the house, and

1

recognized petitioner as he exited the car. O'Connor immediately asked petitioner to place his hands on the side of the car and began a pat-down search for weapons. Petitioner then turned toward O'Connor, pushed him, and ran away. O'Connor chased petitioner and tackled him. Id. at 517. Another police officer, Charles Shepherd, observed the struggle between petitioner and O'Connor, and went to assist O'Connor. Once petitioner was handcuffed, Shepherd conducted a pat-down search of petitioner, and found a bag of cocaine weighing 134 grams. (D.I. 16, State's Response to Defendant's Motion for Postconviction Relief in State v. Backus, ID No. 0106010659)

Petitioner was arrested and subsequently indicted on charges of trafficking in cocaine, possession with intent to deliver cocaine ("PWITD"), use of a vehicle for keeping a controlled substance, second degree assault, and resisting arrest. On November 8, 2002, the Superior Court denied petitioner's motion to suppress the drug evidence. On November 25, 2002, a Superior Court jury convicted petitioner of trafficking in cocaine, possession of cocaine (as a lesser included offense of PWITD), and resisting arrest, but acquitted petitioner of the use of a vehicle for keeping a controlled substance and second degree assault charges. The Superior Court sentenced petitioner to the minimum mandatory time of fifteen years in prison for the trafficking offense and one year in prison, suspended for probation, for each of the possession and resisting arrest convictions. Petitioner filed a direct appeal, and the Delaware Supreme Court affirmed his conviction and sentence. Backus v. State, 845 A.2d 515 (Del. 2004).

In January 2005, petitioner filed a pro se motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting one

2

claim that counsel provided ineffective assistance. The Superior Court denied the

motion, and petitioner appealed. On appeal, the Delaware Supreme Court remanded

the case to the Superior Court for further proceedings in light of the Delaware Supreme

Court's earlier decision in Horne v. State, 887 A.2d 973 (Del. 2005), which found that

the preferable practice in cases involving a first Rule 61 motion alleging ineffective

assistance of counsel is for the Superior Court to obtain an affidavit from trial counsel.

After obtaining an affidavit from defense counsel and a response from both the State

and petitioner, the Superior Court again denied the Rule 61 motion. On post-conviction

appeal, the Delaware Supreme Court affirmed the Superior Court's decision. Backus v.

State, 900 A.2d 100 (Table), 2006 WL 1132091 (Del. Apr. 27, 2006).

## III. Standard of Review

If the highest state court has adjudicated the merits of a federal habeas claim,

then a federal court can only grant habeas relief if the state court's adjudication of the

claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v.

Horn, 250 F.3d 203, 210 (3d Cir. 2001). A state court has adjudicated a claim on the

merits for the purposes of 28 U.S.C. § 2254(d) if the state court "decision finally

resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of

the claim advanced, rather than on a procedural, or other ground." Rompilla v. Horn,

3

355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), rev'd on other grounds by
Rompilla v. Beard, 545 U.S. 374 (2005).

On federal habeas review, a district court must presume that a state court's
implicit and explicit determinations of factual issues are correct. 28 U.S.C. §
2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). This presumption
is only rebutted by clear and convincing evidence to the contrary. Id.; Miller-El v.
Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in §
2254(e)(1) applies to factual issues, whereas the unreasonable application standard of
§ 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner asserts two grounds for relief in his habeas application: (1) the police
lacked probable cause to search him and seize the evidence found on his body,
thereby violating his constitutional rights; and (2) counsel provided ineffective
assistance by failing to object to, or seek a continuance of the suppression hearing as a
result of, the State's late disclosure of an unexecuted warrant, and also by failing to
adequately question the police at the suppression hearing.

### A. Claim One: Fourth Amendment Violation

In his first claim, petitioner contends that the police did not have a reasonable
and articulable suspicion to believe that he was engaging in criminal activity and that he
was armed. Consequently, petitioner argues that Officer O'Connor initiated an illegal
pat-down search of his person, and that the 134 grams of cocaine seized as a result of
Officer Shepherd's subsequent search should have been suppressed.

4

The record reveals that petitioner exhausted state remedies, and that the Delaware Supreme Court denied the claim as meritless. Nevertheless, despite the State Supreme Court's adjudication of this claim on its merits, the court does not need to review the claim under § 2254(d)(1) because the claim does not assert a proper basis for federal habeas relief under Stone v. Powell, 428 U.S. 465 (1976).

In Stone, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494; see also Wright v. West, 505 U.S. 277, 293 (1992)("We have also held . . . that claims under Mapp [evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review.") The "full and fair opportunity to litigate" requirement is satisfied if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. See United States ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978); United States ex rel. Petillo v. New Jersey, 562 F.2d 903, 906-07 (3d Cir. 1977).

Here, petitioner argues that he was not afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state courts because defense counsel failed to sufficiently object to the use of an unexecuted search warrant issued approximately two months prior to the June 2001 search. However, the issue of counsel's performance is immaterial to Stone's "full and fair opportunity" analysis because it does

5

not constitute a structural defect.[2]  See, e.g., Marshall v. Hendricks, 307 F.3d 36, 82 (3d

Cir. 2002)(holding that "[a]n erroneous or summary resolution by a state court of a

Fourth Amendment claim does not overcome the [Stone] bar.") ;  Gilmore v. Marks, 799

F.2d 51, 56 (3d Cir. 1986), cert. denied, 479 U.S. 1041 (1987).  The record in this case

reveals that no structural defect in Delaware's system prevented petitioner from

litigating his claim and, in fact, reveals that petitioner fully litigated the claim; petitioner

filed a pre-trial motion in the Delaware Superior Court to suppress the cocaine seized

from his automobile, the Superior Court denied the motion after holding an evidentiary

hearing, and the Delaware Supreme Court affirmed the Superior Court's decision.

Accordingly, the court will deny petitioner's Fourth Amendment claim as barred by

Stone.

## B.  Claim Two: Ineffective Assistance of Counsel

In claim two, petitioner contends that counsel provided ineffective assistance

during the suppression hearing by failing to object to the State's late discovery of

evidence or seek a continuance of the suppression hearing due to that late discovery,

and by inadequately questioning Officers O'Connor and Shepherd during the

suppression hearing.  Petitioner presented his ineffective assistance of counsel claim to

the Superior Court in his Rule 61 proceeding.  Upon remand, the Superior Court denied

the claim as meritless, and the Delaware Supreme Court affirmed that judgment.

Consequently, pursuant to § 2254(d)(1), federal habeas relief will only be available if

---

[2]Moreover, as explained later in the text of the opinion, defense counsel did not
provide ineffective assistance of counsel during petitioner's suppression hearing. See
infra at pp. 6-13.  Therefore, even if ineffective assistance of counsel could overcome
the Stone bar, it does not do so in petitioner's case.

6

the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.[3]

The clearly established federal law governing ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. See Wiggins v. Smith, 539 U.S. 510 (2003). Under the first Strickland prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. The second Strickland prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. at 688. When, as here, the petitioner premises his ineffective assistance of counsel claims on his counsel's alleged failure to competently litigate Fourth Amendment issues, the petitioner demonstrates actual prejudice by proving "the Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Kimmelman, 477 U.S. at 375.

It is well-settled that a petitioner has the burden of proving the facts in support of his ineffective assistance claim. Sistrunk v. Vaughn, 96 F.3d 666, 671 (3d Cir. 1996); Wells v. Petsock, 941 F.2d 253, 259-260 (3d Cir. 1991). The petitioner must make

---

[3]The Stone bar does not apply to ineffective assistance of counsel claims premised on an attorney's failure to raise Fourth Amendment issues. Kimmelman v. Morrison, 477 U.S. 365 (1986).

7

concrete allegations of actual prejudice and substantiate them or risk summary dismissal. See Wells, 941 F.2d at 259-260; Dooley v. Petsock, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

Here, the Delaware Supreme Court analyzed the instant ineffective assistance of counsel claim within the Strickland framework, and concluded that petitioner failed to demonstrate the requisite prejudice. Thus, the Delaware Supreme Court's denial of the claim was not contrary to Strickland. See Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Furthermore, after reviewing the record, the court concludes that the Delaware Supreme Court's decision did not constitute an unreasonable application of Strickland. The court will consider petitioner's two complaints about counsel's performance in seriatim.

### 1. Failure to object to the late disclosure of the unexecuted search warrant or to request a continuance of the suppression hearing due to that late disclosure

Petitioner's first assertion involves a warrant to search petitioner's residence that police obtained approximately 2 months before his arrest. The warrant was never executed, and defense counsel was not informed of the warrant's existence until the night before petitioner's suppression hearing. The unexecuted warrant, dated April 12,

8

2001 ("April 2001 warrant"), detailed two specific instances where petitioner was observed selling cocaine in a controlled buy setting to a confidential informant cooperating with the police. The April 2001 warrant authorized the police to search petitioner's person and his residence.

Petitioner now contends that counsel should have moved for a continuance of the November 2002 suppression hearing due to the State's late disclosure of the April 2001 warrant. Reading this claim in conjunction with petitioner's Rule 61 motion, petitioner appears to assert that the State's late disclosure of the April 2001 warrant violated Brady v. Maryland, 373 U.S. 83 (1963), because the fact that the police never executed the warrant was exculpatory. Petitioner's argument appears to be that a continuance would have allowed defense counsel to prepare additional questions focusing on the exculpatory nature of the April 2001 warrant.

In its initial order, the Superior Court denied petitioner's Rule 61 motion because "it would not have been in [petitioner's] best interest to request a continuance, . . . [it] would have left him sitting in jail waiting for his attorney to prepare questioning on an issue that could not possibly assist him in prevailing on his suppression motion." (D.I. 16, State v. Backus, Cr. No. 0106010659, Order (Del. Super. Ct. Jan. 31, 2005)). On remand, after reviewing counsel's Rule 61 affidavit, the Superior Court again denied petitioner's Rule 61 motion, explaining that the non-execution of the April 2001 warrant was indicative of nothing more than that the police did not search petitioner's house. The Superior Court agreed with counsel's statement that the April 2001 warrant was more inculpatory than exculpatory because it detailed additional drug sales made by petitioner to confidential informants and, therefore, provided more probable cause for

9

the police to search petitioner during the June 2001 incident at issue during the suppression hearing. (D.I. 16, State v. Backus, ID No. 0106010659, Order (Del. Super. Ct. Feb. 10, 2006))

After reviewing counsel's Rule 61 affidavit within the context of the record and state court decisions, the court concludes the Delaware Supreme Court did not unreasonably apply Strickland in affirming the Superior Court's judgment. In his Rule 61 affidavit, counsel explained that petitioner never denied selling cocaine on the two occasions outlined in the April 2001 warrant and, therefore, counsel did not have a good faith basis for requesting a continuance. Counsel also explained that the testimony during the November 2002 suppression hearing indicated that the April 2001 search warrant was not executed because petitioner was not at home, and counsel viewed this explanation as legitimate and not, as suggested by petitioner, due to the fact that the police abandoned the search because they believed they would not have found evidence of any illegal activity on petitioner's part. Counsel also stated that the reason for not executing the April 2001 warrant was irrelevant to the question at issue during the November 2002 suppression hearing, namely, whether there was insufficient reasonable suspicion or probable cause to justify Officer O'Connor's initial detention of petitioner and Officer Shepard's pat-down search of petitioner in June 2001. (D.I. 16, Aff. of Trial Counsel Pursuant to Super. Ct. Crim. R. 61(g)(2), dated Dec. 2, 2005)

Although petitioner's complaint deals mainly with counsel's failure to capitalize on the fact that the police never executed the April 2001 warrant, the court notes that nothing in the record indicates that O'Connor even knew about the April 2001 warrant. Consequently, the existence of the warrant was not a factor in determining whether

10

O'Connor had probable cause to initially detain petitioner.

In short, when viewed in context with the facts of petitioner's case, counsel's reasons for not requesting a continuance or objecting to the late discovery of the April 2001 warrant were objectively reasonable. Therefore, the court concludes counsel's performance did not fall below the standard required by Strickland.

Additionally, the non-execution of the April 2001 warrant did not impact the issue of probable cause for the June 2001 search and seizure, because the search that took place in June 2001 was incident to a lawful arrest due to petitioner's attempt to flee the police. Thus, petitioner cannot demonstrate prejudice under Strickland because he cannot show that the evidence obtained from the June 2001 pat down search would have been excluded if counsel had either objected to the admission of the April 2001 warrant or moved for a continuance. Accordingly, the court will deny petitioner's first allegation regarding counsel's ineffective assistance.

## 2. Counsel's failure to adequately question the arresting officers during the suppression hearing

Petitioner also contends that counsel did not adequately question Officers O'Connor and Shepherd during the suppression hearing. Although petitioner's habeas application fails to explain why counsel's questioning was inadequate, petitioner's filings in his state collateral proceeding indicate that petitioner believes counsel inadequately questioned Officer O'Connor about his personal knowledge and recollection of the briefing which was held prior to petitioner's arrest, and that counsel failed to pose any questions to Officer Shepherd regarding his pat-down search and discovery of drugs on petitioner's person. (See generally D.I. 16) The Superior Court initially denied this

11

claim "as an empty, unsupported conclusion," and explained that counsel's questioning highlighted the issue of the officers' personal knowledge as a basis for reasonable suspicion. (D.I. 16, State v. Backus, Cr. No. 0106010659, Order (Del. Super. Ct. Jan. 31, 2005)) Then, on remand, after reviewing counsel's Rule 61 affidavit, the Superior Court further explained that counsel intentionally did not focus on the pat-down search because petitioner's "attempt to flee after the police officers stopped him . . . constituted probable cause to detain and search [petitioner], and [ ] a search incident to arrest is lawful." (D.I. 16, State v. Backus, ID No. 0106010659, Order at p.5 (Del. Super. Ct. Feb. 10, 2006))

After reviewing the record, the court concludes that the Delaware Supreme Court did not unreasonably apply Strickland in affirming the Superior Court's denial of this claim. In his Rule 61 affidavit, counsel explained that his questions for O'Connor were formulated to demonstrate that petitioner's actions upon exiting his vehicle did not corroborate the general allegations made at the briefing that petitioner was a drug dealer and that he was regularly armed. (D.I. 16, Aff. of Trial Counsel Pursuant to Super. Ct. Crim. R. 61(g)(2), dated Dec. 2, 2005, at p. 5) Counsel also explained that he wanted to demonstrate that O'Connor's recollection of the facts outlined during the pre-search briefing were rather hazy. The transcript of the suppression hearing reveals that counsel achieved these two goals. Upon counsel's cross-examination, O'Connor admitted that he could not recall the specifics of the basis of the police department's prior knowledge regarding petitioner's former possession of weapons. O'Connor also stated that, after the briefing, he thought the search was more likely to uncover the existence of narcotics rather than weapons. Counsel then questioned O'Connor about

12

his observations regarding petitioner's behavior after petitioner first exited his vehicle,
and underscored the fact that petitioner initially cooperated and placed his hands on the
car in response to O'Connor's request.

After reviewing counsel's cross-examination within the context of the state
record, the court concludes that counsel's questioning fell within the objective standard
of reasonableness required by Strickland. Counsel achieved his goal of underscoring
O'Connor's recollection of the facts he learned at the pre-search briefing, as well as the
fact that O'Connor did not observe any suspicious behavior on petitioner's part prior to
his initial detention.

As for counsel's cross-examination of Officer Shepherd, counsel explained that
he did not focus on Shepherd's pat-down search of petitioner because the search
occurred after Shepherd observed petitioner struggling with O'Connor. As a result,
Shepherd had sufficient probable cause to detain petitioner for resisting an officer
which, in turn, rendered Shepherd's pat-down search of petitioner legal. Id. at p. 6; see
United States v. Watson, 423 U.S. 411, 418 (1976)(warrantless arrest of defendant
after committing crime in officer's presence does not violate Fourth Amendment);
United States v. Robinson, 414 U.S. 218 (1973)(search incident to lawful arrest
permitted). Consequently, rather than focus on the legal pat-down search, counsel
decided to highlight the fact that Shepherd "could add nothing to the totality of the
circumstances that justified [O'Connor's] initial detention of [petitioner] when he drove
up to his brother's residence," and instead focused on the fact that Shepherd did not
observe petitioner's actions in any fashion until he saw him wrestling on the ground with
O'Connor. (D.I. 16, Aff. of Trial Counsel Pursuant to Super. Ct. Crim. R. 61(g)(2), dated

13

Dec. 2, 2005, at p. 6)

The main issue during the suppression hearing was whether O'Connor acted reasonably in detaining and beginning a pat-down search of petitioner upon petitioner's initial exit from his vehicle. In these circumstances, counsel's attempt to cast doubt on whether Officer O'Connor had probable cause to initially detain and search petitioner, and counsel's decision to avoid focusing on Officer Shepherd's subsequent legal pat-down search, constituted a logical strategy rather than deficient performance. Accordingly, the court will deny claim two because the Delaware Supreme Court's decision did not constitute an unreasonable application of Strickland.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court concludes that petitioner's habeas application for a writ of habeas

14

corpus pursuant to 28 U.S.C. § 2254 does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

15